IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **PRESTIGE PRODUCE, INC.**, a corporation; **TAYLOR FARMS CALIFORNIA, INC.**, a corporation; **FOODSOURCE PROCUREMENT, LLC** a limited liability corporation; **SUNRIDGE FARMS, INC.** a corporation, dba **COASTLINE NATURE'S WAVE**,<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>**SILVER CREEK, INC.**, a corporation, dba **QUALITY PRODUCE; ROGER L. JONES**, n individual; **KIMBERLY COEY**, an individual; **JANA CHALFANT**, an individual<br><br>　　　　　　　Defendants | Case No. **CV 04-491-S-EJL**<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above entitled matter is Plaintiffs' motion for determination regarding assets sold at auction. The matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Factual and Procedural Background**

On September 28, 2004 Plaintiff Prestige Produce Inc. ("Prestige Produce") filed the original complaint in this matter against Defendant Silver Creek, Inc. ("Silver Creek"), d/b/a/ Quality Produce, and Defendants Roger L. Jones, Kimberly Coey, and Jana Chalfant alleging breach of contract and certain related claims pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499 *et seq*. ("PACA").  Subsequently an amended complaint was filed adding Plaintiffs Taylor Farms California, Inc. ("Taylor Farms"), Foodsource Procurement, LLC ("Foodsource"), and Sunridge Farms, Inc. ("Sunridge Farms"), d/b/a Coastline Nature's Wave. (Dkt. No. 4).  The Court entered a temporary restraining order on November 19, 2004 and a hearing on the same was held on November 24, 2004.  The temporary restraining order was extended by stipulation of the parties and a second hearing was held whereupon the parties entered into a stipulation for entry of preliminary injunction which the Court approved.  (Dkt. Nos. 33, 34). Pursuant to the deadlines included in the preliminary injunction, additional parties filed intervenor complaints.  Subsequently the Plaintiffs filed the instant motion to rule upon the PACA Trust assets.

**Discussion**

Plaintiffs Prestige Produce, Taylor Farms, Foodsource Procurement, Sunridge Farms and Intervening Plaintiffs Westendorf Produce, Hughes Produce, P & I Produce, and Summit Procurement have filed a motion asking that the Court deem that all assets of Defendants Silver Creek which were sold at the January 28, 2005 auction are PACA Trust assets and, therefore, "belong to all validly perfected PACA trust beneficiaries" of Silver Creek.  Defendants Silver Creek and Mr. Jones have filed an objection to the motion asserting the "property sold was not paid for with 'PACA Trust Proceeds'" because the items were purchased with non-PACA Trust money.

MEMORANDUM DECISION & ORDER --2

Specifically, Defendants maintain that they had paid its supplier accounts current at the time the items were purchased and, therefore, they are not subject to inclusion in the trust. The moving Plaintiffs argue that the Defendants' response fails to rebut the presumption of PACA and satisfy the Defendants' burden.

As Plaintiffs point out, "a purchaser, or PACA debtor, has the burden of showing that disputed assets were not acquired with proceeds from the sale of produce or produce-related assets." Sanzone-Palmisano Co. v. M. Seaman Enterprises, Inc., 986 F.2d 1010, 1013 (6th Cir. 1993). The Second Circuit has identified the debtor's burden in terms of requiring the debtor to show one of three things:

> Buyer will bear the burden to establish either that (1) no PACA trust existed when the Units were purchased; (2) even though a PACA trust existed at that time, the Units were not purchased with trust assets; or (3) although a PACA trust existed when the Units were purchased and the Units were purchased with trust assets, Kornblum thereafter paid all unpaid sellers in full prior to the transactions involving the Creditors, thereby terminating the trust.

*In re* Kornblum & Co., Inc., 81 F.3d 280 (2nd Cir. N.Y. 1996) (citing Sanzone-Palmisano Co., 986 F.2d at 1012 ("[T]he trust beneficiary need not prove that it, and not another produce supplier, was the source of the produce or produce-related assets."); Six L's Packing Co., 967 F.2d at 258 ("[T]he burden is on the PACA debtor ... to show that the disputed [asset] is from a non-trust source."); Fresh Approach, 51 B.R. at 422 (same); International Bhd. of Teamsters v. United States, 431 U.S. 324, 359 n. 45 (1977) ("Presumptions shifting the burden of proof are often created to reflect judicial evaluations of probabilities and to conform with a party's superior access to the proof."). The Kornblum case was followed by *In re* Bear Kodiak Produce, Inc., 283 B.R. 577, 582 (Bankr.D.Ariz. 2002) and cited favorably by the Ninth Circuit in Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir. 1997), for proposition that general trust law applies to PACA trusts.

Plaintiffs' position relies on the broad statutory presumption that a PACA Trust is created and continues until all trust claims have been fully paid and that it is the produce buyer's burden to prove otherwise. Defendants argue that the items sold at the auction were not purchased with PACA Trust proceeds because they were purchased at a time when Defendants had no invoices from any of the Plaintiffs that were outside the thirty day time period and, thus, there was no PACA trust in existence at the time of the purchase of these items. In support of this argument the Defendants have simply provided block quotes from case law and affidavits in support.1 The affidavits state that the equipment and vehicles sold at the auction were purchased sometime prior to October of 2000 and that Defendants were current on their payments until late fall of 2001. Plaintiffs assert the reliance on affidavits alone is insufficient to meet their burden and that Defendants are required to produce documentary evidence sufficient to rebut the presumption that auction proceeds are part of the PACA Trust.

Having reviewed the parties arguments and the record in this matter, the Court concludes that the assets sold at the auction are PACA Trust assets and subject to payment to the valid claimants of the trust. The assets were purchased while the Defendants were engaged in the business of buying produce. "A PACA trust is created when the first shipment of produce is received by a commissioned dealer, and any receivables or proceeds therefrom are held in trust for the benefit of 'all unpaid suppliers'... and continues to exist 'until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers or agents.'" Bear Kodiak Produce, Inc., 283 B.R. at 582 (citing 7 U.S.C. § 499e(c)(2)). The presumption,

---

[1] Initially Defendants provided only the affidavit of Roger Jones, President of Silver Creek, to accompany their response. (Dkt. No. 138). Subsequently, after Plaintiffs had filed their reply (Dkt. No. 143), Defendants then submitted two additional affidavits in support (Dkt. Nos. 149, 150). Plaintiffs have not objected to the tardy filing of these supporting affidavits.

MEMORANDUM DECISION & ORDER --4

therefore, is that assets of the PACA buyer are included in the PACA Trust unless the buyer proves otherwise.  Id.  The Bankruptcy Court in Bear Kodiak addressed the same arguments raised by the Defendants in this matter.  In that case, the court determined that the failure to supply documentary evidence in support of the testimony that the assets were purchased at a time when the buyer had paid its outstanding invoices in full was insufficient to satisfy their burden.  Id. ("testimony in the absence of any documentary support is simply inadequate to carry the [buyer's] burden").  The Defendants' statements that at the time of the purchase of these assets their invoices were being paid "promptly, completely and on time" fails to satisfy their burden.  (Dkt. No. 149, p. 2); see also Bear Kodiak, 283 B.R. at 584 n. 6.[2]  The Court has reviewed the record and the list of items provided by the Plaintiffs (Dkt. No. 131, Ex. 1) and concludes that the entire amount produced by the auction, $27,705.30, is subject to payment to the PACA Trust claimants.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **GRANTS** Plaintiffs' Motion for Determination regarding the Auction Proceeds.  (Dkt. No. 131).  The Court finds the items sold at the auction, in the amount of  $27,205.30, are included in the PACA Trust.

DATED:  **June 7, 2005**

Honorable Edward J. Lodge
U. S. District Judge

---

[2] The other supporting affidavits state that the suppliers were being paid "currently" or their accounts were "current" (Dkt. Nos. 137, 138, 150).

MEMORANDUM DECISION & ORDER --5