IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **PRESTIGE PRODUCE, INC., a corporation; et al,**<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>**SILVER CREEK, INC., a corporation, dba QUALITY PRODUCE; et al,**<br><br>　　　　　　　　　　Defendants,<br><br>**AND INTERVENING ACTIONS.** | Case No. **CV 04-491-S-EJL**<br><br>**MEMORANDUM ORDER** |

　　　　Pending before the Court in the above-entitled matter are motions by the parties seeking a ruling upon the PACA Trust Claims and objections to PACA Trust Claims. (Dkt. Nos. 133, 135, 139). Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these motions shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Factual and Procedural Background**

　　　　This case was initiated by Plaintiff Prestige Produce Inc. ("Prestige Produce") who filed the initial complaint in this matter against Defendant Silver Creek, Inc. ("Silver Creek"), d/b/a/ Quality Produce, and Defendants Roger L. Jones, Kimberly Coey,[1] and Jana Chalfant alleging breach of contract and certain related claims pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499 *et seq*. ("PACA"). An amended

---

[1] Kimberly Coey has since been dismissed from this action. (Dkt. No. 177).

**MEMORANDUM ORDER - Page 1**

complaint was later filed adding Plaintiffs Taylor Farms California, Inc. ("Taylor Farms"), Foodsource Procurement, LLC ("Foodsource"), and Sunridge Farms, Inc. ("Sunridge Farms"), d/b/a Coastline Nature's Wave. (Dkt. No. 4). In addition other claimants have filed intervenor complaints. An injunction was entered pursuant to a stipulation of the parties. (Dkt. No. 34). Lead Plaintiffs and Defendants filed objections to certain of the claims. (Dkt. No. 109, 110). Lead Plaintiffs also filed a motion for determination that all Silver Creek assets sold at auction are part of the PACA Trust. (Dkt. No. 131). The Court granted Plaintiffs' motion finding the items sold at auction were PACA Trust assets and that the entire amount yielded at the auction, $27,705.30, was subject to payment to the trust claimants. (Dkt. No. 153). Plaintiffs have now filed a motion requesting a ruling on their PACA Trust Claims. (Dkt. No. 133). Defendants have filed a motion to rule on their objections to the PACA Claims. (Dkt. No. 135). Intervenor claimant MCL also filed a motion to rule on objections to its PACA Trust Claims. (Dkt. No. 139).

## Discussion

1) <u>Plaintiffs' Motion to Rule on PACA Trust Claims & Defendants' Motion to Rule on Objections</u>:

Defendants' motion seeks a ruling on their various objections to certain of the PACA claims including pallet charges, incomplete invoices, interest, the existence of other agreements, and inclusion of other charges. (Dkt. No. 135). Lead Plaintiffs Prestige Produce, Foodsource, and Intervening Plaintiffs, Hughes Produce Sales, Inc. ("Hughes Produce") and P & I Produce, LLC ("P& I Produce"), filed a response to the motion asserting the Defendants have failed to satisfy their burden and offered no evidence in support of their objections. These Plaintiffs assert their claims are valid because they were incurred "in connection with" PACA transactions and deny Defendants' assertion that another agreement with Foodsource existed negating that claim. Additionally,

these Plaintiffs' have filed their own motion for a ruling on their trust claims against Defendants pursuant to the Court's December 10, 2004 order for preliminary injunction. (Dkt. No. 133).

The Defendants' motions offer short statements of their objections for each parties' claim. (Dkt. No. 110). Affixed to the objections are the various intervenor complaints and those claimants' supporting declarations. (Dkt. No. 110). Some of the Plaintiff claimants filed responses to the objections. (Dkt. No. 114, 116, 118, 122, 124). The lead Plaintiffs also filed a motion to rule upon these objections. (Dkt. No. 118).

Local Civil Rule 7.1 states that each motion "must be accompanied by a separate brief...containing all of the reasons and points and authorities relied upon by the moving party." It is then up to the Court to determine whether oral argument is necessary. See Local Civ. R. 7.1(d)(2). The failure to file in this fashion "may be deemed a waiver by the moving party of the pleading or motion." Local Civ. R. 7.1(e). The Court has reviewed the record and discovered some supporting documentation filed by Defendants in terms of affidavits offered in response to the Plaintiffs' motion regarding auction proceeds. (Dkt. Nos. 149, 150). There is also an affidavit of Judy Petersen offered in opposition to Foodsource's denial of an outside agreement negating the PACA Trust; presumably filed in response to the affidavits of Michael E. Liptak and Michael D. Castagnetto both of Foodsource denying the existence of any other agreement. (Dkt. No. 151). As such, the Court will decide these motions upon the record.

    a)    <u>Lead Plaintiffs' Claims</u>:

Lead Plaintiffs, Prestige Produce, Foodsource, Hughes Produce, and P & I Produce oppose Defendants' objections and assert their PACA Trust Claims should be deemed valid in the amount of $146,271.06. Plaintiffs have submitted supporting evidence of their claims by way of affidavit, documentation, and memorandum. Defendants object to the inclusion of pallet charges and other fees in the PACA Claims. As to Foodsource in particular, Defendants assert there was a payment agreement outside the PACA terms which preclude the claim. Defendants have offered evidence only as to their claim of a payment agreement with Foodsource which the

**MEMORANDUM ORDER - Page 3**

Court will address in the following section of this order. Having reviewed the parties' submissions, the Court concludes as follows.

As to the pallet charges Plaintiffs argue they are properly included in the PACA Claims as sums owing in connection with produce transactions pursuant to 7 U.S.C. § 499e(c)(2) which provides:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions ... and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, <u>until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers or agents</u> ....

7 U.S.C. § 499e(c)(2) (emphasis added). Plaintiffs contend that because the pallet charges and similar charges, i.e. handling charges, interest or finance charges, appear on the invoices sent to Defendants they are part of the PACA claim. The Court agrees. PACA's provisions are intended to encompass more than the actual produce sold but also "sums owing in connection with such transactions." 7 U.S.C. § 499(c)(2). The pallet charges and similar costs incurred by claimants are properly included in their PACA claims. Further, the charges appear on the invoices evidencing the fact that they were incurred by Plaintiff in connection with their transactions with the Defendants. See <u>Fishgold v. Onbank & Trust Co.</u>, 43 F.Supp.2d 346, 350-51 (W.D. N.Y. 1999). Therefore, the Defendants' objections to these types of charges are without merit and the charges are properly included in the PACA claims. Plaintiffs have, however, properly eliminated the charges for returned checks, Federal Express, and other miscellaneous charges initially made part of the claim; thereby reducing the claim by $2,034.48 for a total claim of $146,271.06 for these Plaintiffs. Accordingly, Defendants' objections as to these claims are denied.

b)      Foodsource Procurement, LLC's Claims:

Plaintiff Foodsource Procurement has submitted PACA Claims in the amount of $114,296.90. Defendants objection to this claim alleges that the parties had a written payment agreement outside of the PACA terms which precludes Foodsource from pursuing a PACA Claim. In addition Defendants oppose the inclusion of $409.90 in pallet charges.

To receive the protections of PACA strict eligibility requirements must be satisfied. See Patterson Frozen Foods, Inc. v. Crown Foods International, Inc., 307 F.3d 666, 668 (7th Cir. 2002). "A PACA supplier must be selling produce on a cash or short-term credit basis. The Secretary of Agriculture has determined that 'the maximum time for payment for a shipment to which [parties] can agree and still qualify for coverage under the trust is 30 days after receipt and acceptance.'" Id. (citing 7 C.F.R. § 46.46(e)(2)). "If a produce supplier enters a written post-default agreement with a dealer that extends the dealer's time for payment beyond 30 days, the supplier becomes ineligible to assert its trust rights. On the other hand, an oral agreement for an extension or a course of dealing allowing more than 30 days for payment will not abrogate a PACA trust." Id. (citations omitted).

Foodsource has provided the declarations of Michael D. Costegnetto and Michael E. Liptak to support its argument that no outside agreement existed between the parties and that Foodsource required full and immediate payment of the balance due. (Dkt. Nos. 119, 120, 146, 147). This point is disputed by the Defendants who have submitted Judy Peterson's affidavit which points to a February 5, 2004 letter from Quality Produce to Foodsource. (Dkt. No. 151). This letter, Ms. Peterson avers, evidences the parties' alternative payment agreement that Quality Produce would pay Foodsource $2500 per month on their debt and, in fact, made at least six payments in such a fashion. (Dkt. No. 151). Both Mr. Costegnetto and Mr. Liptak deny receiving the letter and maintain that, regardless, the letter is not a binding agreement to extend payment terms. (Dkt. Nos. 146, 147). Mr. Castagnetto states that in his conversations with Quality Produce's Les Jenkins he made clear that they

**MEMORANDUM ORDER - Page 5**

would apply payments towards the outstanding balance but that the entire amount was delinquent and immediately payable. (Dkt. No. 147).

Having reviewed the parties' arguments and offerings, the Court concludes that regardless of whether the letter was received by Foodsource it does not evidence a binding agreement between the parties regarding payments.[2] The letter instead only provides evidence of Defendants' efforts to pay the debt but does not indicate any acceptance by Foodsource of an alternative payment arrangement. Foodsource undoubtedly accepted the payments and applied the same to the outstanding debt but its policy and repeated assertions that the balance remained due and owing in its entirety evidences that it had not agreed to a payment plan outside of PACA. This is reflected in Ms. Petersen's affidavit itself when she states that Mr. Liptak had expressed his anger regarding the slow payment by Quality Produce on more than one occasion. (Dkt. No. 151). Because there was no outside agreement precluding Foodsource's PACA Claim, the Court concludes that Defendants' objection is without merit. Further, the Court has previously determined that the pallet charges were incurred in connection with the produce transactions, therefore, that objection is also denied.

  c) <u>Seacoast Distributing</u>:

Seacoast Distributing ("Seacoast") has filed a notice and proof of claim and an intervenor complaint seeking recovery of $17,887.05 in this action. (Dkt. Nos. 49, 62). Defendants and the lead Plaintiffs have objected to Seacoast's claim both arguing there is a written payment agreement outside of the PACA terms precluding Seacoast's claim. (Dkt. Nos. 109, 110).[3] Defendants also object to the failure of Seacoast to include

---

[2] The letter relied upon by Defendants is attached to its motion to rule on objection to PACA Claims (Dkt. No. 135). The letter is dated February 5, 2004. Unlike the situation with Seacoast, discussed below, there is no reciprocating letter by Foodsource to indicate its acceptance of a new payment plan. The evidence instead shows Foodsource repeatedly insisted on payment of the debt.

[3] Plaintiffs' motion is made as to both Seacoast's and Muir Enterprises, Inc.'s PACA Claims. Muir has subsequently withdrawn its claims, therefore, this motion now is relevant only as to Seacoast. (Dkt No. 136).

**MEMORANDUM ORDER - Page 6**

payments made by Defendants in the amount of $1,394.70. (Dkt. No. 110). Seacoast has responded to the objection regarding a payment agreement asserting that there is no binding agreement evidenced by the letters. (Dkt. No. 122). In particular, Seacoast asserts Defendants' promises to pay made in the letter were false and fraudulent as they were insolvent at the time the made such promises and the letters exchanged do not concern the debt which is the subject of this PACA Trust Claim.

As noted above, where a produce supplier enters into a written agreement with a produce dealer extending the time for payment beyond thirty-days, the supplier is precluded from asserting a PACA Claim. See 7 C.F.R. § 46.46(e)(2). Lead Plaintiffs point to the letters dated June 4, 2004 and June 23, 2004 which, they argue, extend the payment terms for a February 26, 2004 sale beyond the thirty-day time frame. (Dkt. No. 109). Seacoast filed the declaration of Vince Towles in support of its claim with a trust chart of its claim which includes one invoice dated March 8, 2004 regarding a shipment of produce on February 26, 2004. (Dkt. No. 50). Seacoast notes that this trust action involves only that March 8, 2004 invoice whereas the June, 2004 letters relate to later shipments to Silver Creek's who employed a third party, Hilz Produce, to order produce from Seacoast after Seacoast had cut off sales to Silver Creek in early 2004. Seacoast alleges it provided produce to Hilz Produce, as a "strawman" for Silver Creek, between February 27, 2004 and April 3, 2004 amassing a debt of $45,678.01 which is the subject of the June, 2004 correspondence referred to in the objection and not part of this PACA action.

Having reviewed the record the Court agrees that Seacoast's claim appears to relate to an invoice occurring prior to the alleged payment agreement entered into with Defendants. As to Defendants' argument that it has not been credited with $1,349.70 in payments made, Defendants have offered no evidence supporting this objection. As such, the Defendants' objections are denied.

d)      Sun Valley Potatoes:

Sun Valley Potatoes filed an intervenor complaint and supporting declaration for a claim in the amount

**MEMORANDUM ORDER - Page 7**

of $26,067.25. Defendants' object to the inclusion of pallet and freight charges in the claim. As determined above, the pallet charges are appropriate. As to the freight charges, the Defendants oppose the inclusion of $175.00 in freight charges as it appears on the final invoice dated July 28, 2004. (Dkt. No. 59). As the Court determined above, PACA was intended to encompass all "sums owing in connection with such transactions" and charges such as pallet and freight are a necessary part of produce transactions. See Fishgold, 43 F.Supp.2d at 351. The inclusion of these charges on the invoices evidences the fact that they are amounts incurred by the seller in connection with produce transactions and properly included in the PACA Claim. Id. Defendants' objection is denied.

    e)    Baker Packing:

Defendants object to the claims of intervening Plaintiff Baker Packing asserting the invoices fail to substantiate the claim and because the filing was not by a licensed attorney. Lead Plaintiffs also object to Baker Packing's claims on the grounds that it failed to file an intervening complaint and supporting evidence for its claim.[4]

Baker Packing filed a declaration of its vice president for a total claim past due of $10,110.50. (Dkt. No. 56). Attached to the declaration is an table of six shipments to Defendants indicating the claimed amount due along with invoices for five of the shipments, each of which include PACA language. Lead Plaintiffs object to $1,783.00 of the claim, referenced as invoice number 362910-2 on the table, because it lacks any supporting documentation. Baker Packing has made no further filings in this matter. The Court's order of December 10, 2004 required that all potential trust beneficiaries intervene in this action prior to January 21, 2005. (Dkt. No. 34). Such filing required a "completed PACA Proof of Claim, together with any and all documents supporting its claim and a Complaint in Intervention, which complies with Federal Rule of Civil Procedure 8(a)" to be

---

[4] Plaintiffs indicate they will withdraw their objections if the Court decides to exercise jurisdiction over the claim and if Baker Packing provides evidence to support the missing invoice.

served upon the lead Plaintiff and Defendants' counsel. (Dkt. No. 34). Any failure to file such complaint and serve the same upon the specified parties results in that supplier or creditor being "forever barred" from asserting any PACA claim against Defendants. Because Baker Packing's declaration is not an intervening complaint, any claims it may have to the trust in this case have not been properly made as required by the Court's order. In addition, the declaration was filed by the company's vice president. Local Rule 83.4 requires that "only members of the bar of this Court may practice before this Court." Therefore, the Court finds that Baker Packing's claim was not properly raised before this Court and the objections are granted.

    f)    <u>LJ Distributors, Inc.</u>:

LJ Distributors, Inc. filed an intervening complaint for PACA claims in the amount of $26,788.50. (Dkt. No. 63). The claim is supported by the declaration of Debbie Limtao which includes invoices for the total claim of $26,788.50 and interest of 10% in the amount of $347.25 for a total claim amount of $27,135.75. (Dkt. No. 64). LJ Distributors also seeks attorney fees pursuant to the terms of the invoices between the parties.[5] Defendants object to the inclusion of $347.25 in interest charges on the claim. (Dkt. No. 64).

At issue here is LJ Distributors' request for interest. Interest may be properly available under PACA as part of the loss amount. In <u>Middle Mt. Land & Produce Inc. v. Sound Commodities, Inc.</u>, 307 F.3d 1220, 1226 (9th Cir. 2002), the Ninth Circuit held the calculation of loss based on PACA § 499e(c)(2) ("full payment of the sums owing in connection with perishable agricultural commodities transactions") encompasses not only price of perishable agricultural commodities but also related expenses including contractual rights to attorneys fees and interest. <u>See also</u> <u>Country Best v. Christopher Ranch, LLC</u>, 361 F.3d 629, 632 (11th Cir. 2004) (adopting Ninth Circuit analysis in <u>Middle Mt. Land</u>). In this case, the invoices submitted by LJ Distributors set forth the language of 7 U.S.C. § 499e(c) of PACA and the terms for payment of collection costs and attorneys fees. There

---

    [5] The invoices state "Buyer agrees to pay reasonable collection costs and attorney's fees, if such is necessary to collect this account."

**MEMORANDUM ORDER - Page 9**

is no indication, however, of an agreement between the parties as to interest.  See Country Best, 361 F.3d at 632 ("full payment of the sums owing in connection with [commodities] transactions" unambiguously encompasses not only the price of commodities but also additional related expenses including attorney fees and interest that buyers and sellers have bargained for in their contracts.).  Therefore, any award of interest is a matter left to the district court's broad discretion.  Middle Mt. Land, 307 F.3d at 1226 (citations omitted).  A "district court may award reasonable prejudgment interest to PACA claimants if such an award is necessary to protect the interests of PACA claimants, and that such an award absent contract is discretionary."  Id.

Having reviewed the claims submitted by LJ Distributors the Court concludes that any award of interest is discretionary with the Court and, in this instance, such an award is unwarranted.  Given the fact that interest was not part of the parties contract or agreement, an award of interest to one claimant where all claimants are similarly situated would serve only to disadvantage other similarly situated claimants.  See Fishgold, 43 F.Supp.2d at 350-51.  Therefore, Defendants' objection to the requested interest is granted.

2)      MCL's Motion to Rule on Objections:

Intervenor claimant MCL Distributing, Inc. ("MCL") has raised a claim for PACA Trust Protection in the amount of $147,084.30.  Both lead Plaintiffs and Defendants have filed objections to MCL's claim.  (Dkt. Nos. 109, 110).  MCL has filed a motion seeking a ruling on the objections to their claim pursuant to the Court's previous order.  (Dkt. No. 139).  The motion addresses objections to MCL's claims from both the Plaintiffs and Defendants.   The objections noted in the motion, however, were resolved either by the parties themselves, in the case of the Plaintiffs' objections, or by the Court's order deeming MCL's intervenor complaint timely.  (Dkt. No. 152).  Because the Court has already ruled that MCL may proceed with its PACA Trust Claims, this motion is moot.

**ORDER**

Based on the foregoing and being fully advised in the premises the Court **HEREBY ORDERS** as follows:

1) Plaintiffs' Objections (Dkt. No. 109) are **GRANTED IN PART AND DENIED IN PART** as stated above.

2) Defendants' Objections (Dkt. Nos. 110, 111) are **GRANTED IN PART AND DENIED IN PART** as stated above.

3) Plaintiffs' Motion to Rule on PACA Trust Claims (Dkt. No. 133) is **GRANTED**.

4) Defendants' Motion to Rule on Objection to PACA Trust Claims (Dkt. No. 135) is **MOOT**.

5) Intervenor Plaintiff's Motion to Rule on Objections to PACA Trust Claims (Dkt. No. 139) is **MOOT**.

**IT IS FURTHER ORDERED** that the following claims are deemed valid PACA Trust Claims:

    a)    Prestige Produce, Inc. - $146,271.06[6]
    b)    Taylor Farms California, Inc. - $44,625.30
    c)    Foodsource Procurement, LLC - $114,296.90
    d)    Sunridge Farms, Inc. - $49,135.43
    e)    Summit Procurement - $6,639.50
    f)    Dave Westendorf Produce Sales, Inc. - $5,428.80
    g)    Hughes Produce Sales, Inc. - $50,791.33
    h)    P & I Produce, LLC - $21,135.75
    I)    Sun Valley Potatoes, Inc. - $26,067.25
    j)    Symms Fruit Ranch, Inc. - $3,126.00
    k)    Seacoast Distributing, Inc. - $17,887.05
    l)    LJ Distributors, Inc. - $26,788.50
    m)    MCL Distributing, Inc. $147,084.30

---

[6] The most recent PACA Trust Chart (Dkt. No. 169, Ex. A) reflects Prestige Produce's claims as $146,281.06 (column E) but their motion (Dkt. No. 133, ¶ 11) reflects an amount of $146,271.06 which is the amount the Court has calculated excluding the withdrawn charges totaling $2042.38. This should be corrected on the PACA Trust Chart.

**MEMORANDUM ORDER - Page 11**

**IT IS FURTHER ORDERED** that Plaintiff shall submit a new PACA Trust Chart which conforms with this order and a status report of this case in light of this order on or before April 30, 2006. The parties are directed to continue to comply with the Court's previous order of December 10, 2004 (Dkt. No. 34) and the procedure delineated therein.

DATED: **March 9, 2006**

_____
Honorable Edward J. Lodge
U. S. District Judge